United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KELY WILKINS, et al.,                         No. C 01-1402 MMC

12            Plaintiffs,                          **ORDER GRANTING DEFENDANTS'**
                                                   **MOTION FOR BIFURCATION OF TRIAL;**
13      v.                                         **VACATING HEARING**

14   CITY OF OAKLAND, et al.,

15            Defendants

16   _____/

17

18        Before the Court is defendants' motion, filed December 29, 2005, for bifurcation of

19   claims at trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.  Plaintiffs

20   have filed opposition, to which defendants have replied.  Having considered the papers

21   filed in support of and in opposition to the motion, the Court deems the motion suitable for

22   decision on the papers, VACATES the hearing scheduled for February 10, 2006, and rules

23   as follows.

24        Defendants seek to bifurcate the trial of plaintiffs' claims in such manner that

25   plaintiffs' claims against the two individual officers would be tried first and, if appropriate,

26   plaintiffs' Monell claim against the City of Oakland, see Monell v. New York City Dep't of

27   Social Services, 436 U.S. 658 (1978), would be tried thereafter.  "The Court, in furtherance

28   of convenience or to avoid prejudice, or when separate trials will be conducive to expedition

1    and economy, may order a separate trial of any claim . . . or issues, always preserving

2    inviolate the right of trial by jury as declared by the Seventh Amendment . . . ."  Fed. R. Civ.

3    P. 42(b).[1]

4         For the reasons stated in defendants' motion and reply, the Court finds bifurcation, in

5    the manner proposed by defendants, is appropriate.  In particular, as defendants have

6    shown, the evidence relevant to the claims against the individual officers does not overlap

7    in any meaningful way with the evidence relevant to the municipal liability claim.  Contrary

8    to plaintiffs' argument, evidence of a municipality's failure to provide training to or to

9    sufficiently supervise an officer is not relevant with respect to the issue of whether such

10   officer acted in an objectively reasonable manner in his/her use of force.  See, e.g.,

11   Haugen v. Brosseau, 351 F. 3d 372, 387 (9th Cir. 2003) ("[T]he 'reasonableness' inquiry in

12   an excessive force case is an objective one: the question is whether the officers' actions

13   are 'objectively reasonable' in light of the facts and circumstances confronting them.").

14        Further, as defendants point out, if the trier of fact finds the individual officers did not

15   deprive the decedent of his Fourth Amendment rights, such finding is dispositive of

16   plaintiffs' municipal liability claim.  See City of Los Angeles v. Heller, 475 U.S. 796, 799

17   (1986) ("[N]either Monell [ ] nor any other of our cases authorizes the award of damages

18   against a municipal corporation based on the actions of one of its officers when in fact the

19   jury has concluded that the officer inflicted no constitutional harm.");[2] see also Fairley v.

20   Luman, 281 F. 3d 913, 916 (9th Cir. 2002) ("Exoneration of [the individual officer] of the

21

22        [1]Plaintiffs argue that their Seventh Amendment rights would be violated if their
     claims were tried before separate juries.  The Court need not address this argument,
23   however, as defendants do not seek to have plaintiffs' claims heard before separate juries
     but, rather, a bifurcated trial before the same jury.  (See Defs.' Reply, filed January 27,
24   2006, at 2:12-16.)

25        [2]Relying on Hopkins v. Andaya, 958 F. 2d 881, 888 (9th Cir. 1992), plaintiffs argue
     that even if an individual officer is found not to have committed a Fourth Amendment
26   violation, a municipality nevertheless can be held liable on an improper training and/or
     supervision theory.  The language in Hopkins on which plaintiffs rely is dicta, however, as
27   the individual officer therein was not exonerated.  Moreover, in light of the Supreme Court's
     decision in Heller as well as the Ninth Circuit cases, cited infra, expressly holding to the
28   contrary, Hopkins should not be read as standing for the proposition that a municipality may
     be held liable in the absence of a constitutional violation by the individual defendant.

1   charge of excessive force precludes municipal liability for the alleged unconstitutional use

2   of such force."); <u>Quintanilla v. City of Downey</u>, 84 F. 3d 353, 356 (9th Cir. 1996) (holding

3   where trier of fact found individual officers did not deprive plaintiff of Fourth Amendment

4   rights, trial court "correctly entered judgment" for municipality on municipal liability claim;

5   distinguishing case where officer's exoneration based on qualified immunity), <u>cert. denied</u>,

6   519 U.S. 1122 (1997); <u>Scott v. Henrich</u>, 39 F. 3d 912, 916 (9th Cir. 1994) (holding, where

7   individual officers were entitled to judgment on ground they did not use excessive force,

8   municipality was entitled to judgment on claim municipality failed to adequately train

9   officers).

**CONCLUSION**

10

11      For the reasons stated, defendants' motion for bifurcation is hereby GRANTED, and

12   plaintiffs' claims against the individual officers shall be tried first.  If the trier of fact finds that

13   one or more such individual defendants committed a Fourth Amendment violation, the trial

14   will proceed before the same jury with respect to the municipal liability claim.

15      **IT IS SO ORDERED.**

16

17   Dated: February 8, 2006

18                                MAXINE M. CHESNEY
                                 United States District Judge

19

20

21

22

23

24

25

26

27

28

3